GENHEIMER, APPELLANT, *v.*
CLARK GRAVE VAULT COMPANY, APPELLEE.

(No. 79AP-940—Decided August 14, 1980.)

*Mr. Gus E. Robbins-Penniman,* for appellant.
*Messrs. Chester, Saxbe, Hoffman & Willcox* and *Mr. Richard C. Addison,* for appellee.

McCORMAC, J. Plaintiff-appellant, Craig Genheimer, sued his former employer, Clark Grave Vault Company, the defendant-appellee, in the Court of Common Pleas of Franklin County for reinstatement, back pay, and attorney's fees, alleging that he had been discharged because he had instituted and pursued his rights under the Ohio Workers' Compensation Act. Defendant answered denying that plaintiff was discharged, contending that he was laid off for lack of work. Defendant also denied that plaintiff had instituted or pursued his rights under the Ohio Workers' Compensation Act at the time of the layoff.

The case was tried before a jury which returned a verdict

of $9,774 for plaintiff, including a $2,000 award for attorney's fees. Thereafter, the trial court granted judgment notwithstanding the verdict in favor of defendant on the basis that reasonable minds could not differ, but that defendant did not discharge, demote, reassign, or take punitive action against plaintiff because plaintiff filed a claim or instituted, pursued, or testified in any proceeding under the Ohio Workers' Compensation Act for an injury or occupational disease which arose out of the course of his employment.

Plaintiff has appealed, asserting the following assignments of error:

"A. Ohio Revised Code Section 4123.90 does not require the filing of a Workers' Compensation application as a condition precedent to a violation of its provisions. Rather, Ohio Revised Code Section 4123.90 prohibits an employer from taking any disciplinary action, including discharge, against an employee because such employee has engaged in conduct reasonably connected with the establishment of a Workers' Compensation claim, and the Trial Court therefore erred in its interpretation of this statute.

"B. The probative evidence presented in the instant case provided substantial evidence that the Appellant was terminated in violation of Ohio Revised Code Section 4123.90 and, as such, the Trial Court erred in granting Appellee's Motion for Judgment Notwithstanding the Verdict."

The primary question to be decided is the interpretation of R. C. 4123.90, which reads, in pertinent part, as follows:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * * "

The pertinent facts are that plaintiff was hired as a welder by defendant on November 27, 1978. On December 20, 1978, plaintiff suffered an industrial injury to his low back which was reported to the company's first aid station on December 21, 1978, when he sought first aid from the nurse on duty. At that time, an accident report was completed. Plaintiff left work and did not return until December 26, 1978. On December 26,

1978, he began receiving medical treatment from a chiropractor for the low-back injury.

On January 11, 1979, plaintiff sustained a second injury at work when he was hit on the head by a vault that had slipped off a cart. The injury was immediately reported to his foreman; and, on the following day, plaintiff reported this injury to the nurse on duty at the company's first aid station. The nurse completed a second accident report and contacted the company physician who ordered that plaintiff be sent to Grant Hospital for x-rays. Plaintiff testified that he went to Grant Hospital, that x-rays were taken, and that he signed several forms including an application for workers' compensation benefits. Plaintiff returned to work on January 15, 1979, and, as required by company policy, reported to the nurse with a release to return to work signed by someone from the hospital. Plaintiff testified that he informed the nurse that he had filed a claim for workers' compensation benefits.

On January 24, 1979, plaintiff was terminated from his employment. There was testimony that the personnel manager of defendant had been in contact with Dr. LaRue, the chiropractor who was plaintiff's attending physician, in regard to filing an industrial claim; however, although she (the personnel manager) regularly filed applications for employees, she did not file a claim for plaintiff. Plaintiff did not file workers' compensation claims until February 8, 1979, which was after plaintiff had left the employ of defendant.

The trial court submitted the issue of whether plaintiff had filed a claim or instituted, pursued, or testified in any proceedings under the Workers' Compensation Act to the jury which, in answer to an interrogatory, stated that the discharge was for that reason.

The primary issue is whether "proceedings" had been instituted or pursued within the meaning of R. C. 4123.90 at the time plaintiff was laid off or discharged. If so, there was sufficient evidence, to submit to a jury, that plaintiff was entitled to recovery pursuant to R. C. 4123.90, as there is a reasonable inference that plaintiff was discharged because he intended to file one or two workers' compensation claims.

This case is one of first impression in Ohio.

Plaintiff argues that the General Assembly enacted R. C.

4123.90 to prohibit an employer from taking punitive action against an employee who exercises his rights under the Workers' Compensation Act, an Act designed to protect and provide a remedy for employees receiving injuries in the course of their employment. Plaintiff urges a liberal interpretation of what are "proceedings" under R. C. 4123.90 in accordance with the statutory presumption (R. C. 1.47[C]) that "[a] just and reasonable result is intended," arguing that if an employer could fire an employee without penalty after notice of the injury but before the employee had a chance to file a claim under the Workers' Compensation Act, the protection intended by the statute would be negated. Plaintiff further asserts that all of the language of R. C. 4123.90 should be given effect; thus, " * * * institut[ing]  * * * [or] pursu[ing] * * * any proceedings under the workers' compensation act * * * " must mean something different than filing a claim, *i.e.*, events leading up to the filing of a claim. On the other hand, defendant argues that R. C. 4123.90 is unambiguous in requiring that a claim be filed or that proceedings be instituted or pursued before liability attaches and that matters preparatory thereto are insufficient.

In order for plaintiff to prevail, he must prove that he was discharged because he had filed a claim or instituted, pursued, or testified in any proceeding under the Workers' Compensation Act for an injury in his employment. Plaintiff did not file a claim until February 8, 1979, which was after the time of his discharge. Did he institute or pursue any proceeding under the Workers' Compensation Act prior to his discharge?

A proceeding is defined, as pertinent, as follows: "The course of procedure in a judicial action or in a suit in litigation." Webster's Third New International Dictionary (1966 Ed.). Under the workers' compensation law, there are two ways in which there can be proceedings which may be instituted or pursued. The first is by filing a claim and the second is, in the case of a self-insured employer, the election of the employer to pay compensation or benefits directly with knowledge of a compensable injury. R. C. 4123.84. R. C. 4123.90 is unambiguous in providing that a claim must either have been filed or proceedings must have been instituted or pursued in order for there to be liability. The institution of proceedings for payment of benefits without a claim being filed

appears to have been placed in the statute to cover benefits paid by a self-insured employer when made without the filing of a claim, a recognition of the existence of a claim already in being.

The case most relied upon by plaintiff, *Texas Steel Co.* v. *Douglas* (Texas Civ. App., 1976), 533 S.W. 2d 111, is compatible with this interpretation. The Texas statute was comparable to R. C. 4123.90. In *Douglas,* an employee had been fired after the employer's insurance company had paid him two or more weeks of Workmen's Compensation insurance which were benefits furnished under the law. The court said furnishing these benefits was a legal step or measure for obtaining benefits under the Act. The court pointed out that it was possible to draw full compensation, including benefits for permanent and total disability, without ever filing a claim; and, thus, the intentional furnishing of benefits by the employer pursuant to the Act constituted a proceeding making the statute applicable.

However, in this case, the employer had not recognized the claim, prior to plaintiff leaving his employ, by paying benefits. There was only *notice* of two potential claims and of events preparatory to the filing of claims or the receiving of benefits. R. C. 4123.90 requires, as a minimum, a proceeding.

Thus, as a matter of law, there was no evidence of a violation of R. C. 4123.90, as no claim had been filed by the employee at the time of discharge and no proceedings, under the workers' compensation law, had been instituted or pursued at that time.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.