142

ROSEBOROUGH, APPELLANT, *v.* N.L. INDUSTRIES, APPELLEE.

[Cite as Roseborough *v.* N.L. Industries (1984), 10 Ohio St. 3d 142.]

(No. 83-598—Decided April 25, 1984.)

*Messrs. Goodman & Schlachet* and *Mr. Alan I. Goodman,* for appellant.

*Messrs. Seeley, Savidge & Aussem* and *Mr. Thomas M. Carolin,* for appellee.

LOCHER, J. The instant case requires us to determine when a workers' compensation proceeding or claim has been "instituted" or "pursued" against a self-insured employer for purposes of the retaliatory discharge prohibition of R.C. 4123.90. The appellate court herein ruled that an actual filing of a written claim is required to trigger the protections of the statute. We read the statute more broadly and thus reverse and remand.

In *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St. 2d 367 [23 O.O.3d 341], this court held that an employee's mere expression of his intent to file a workers' compensation claim was insufficient to constitute the "institution" or "pursuance" of a claim for purposes of R.C. 4123.90. As Justice Holmes stated in his opinion for the court at page 371: "We conclude * * * that * * * [R.C. 4123.90] applies only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so."

Notwithstanding appellee's arguments otherwise, we did not hold in *Bryant* that the protection of R.C. 4123.90 is triggered only upon the actual filing of a written claim. Justice William B. Brown wrote in his *Bryant* concurring opinion at page 372:

"Indeed, a requirement that an actual filing of a claim is the only means by which a proceeding can be instituted or pursued would frustrate the legislative intent as evinced in R.C. 4123.90."

We agree with the foregoing reasoning, and therefore find that the court of appeals misinterpreted *Bryant* in holding that an actual claim must be filed before the employee is protected.

The question not answered in *Bryant* was this: What does constitute the "institution" or "pursuance" of a workers' compensation claim for purposes of R.C. 4123.90? Unlike the situation in *Bryant,* where the employer was a state fund insured employer, we make our present determination in the context of a self-insured employer. We find this distinction to be material for purposes of R.C. 4123.90. Due to the differences in the role an employer assumes depending on the method of coverage, that which would constitute an "actual pursuit" of a claim differs as well.

The degree to which an employer becomes involved in the distribution of workers' compensation to a qualifying employee depends in great part upon his status as being either a state fund insured employer or a self-insured employer. In the case of a state fund insured employer, as in *Bryant,* claims are normally filed with and processed through the Bureau of Workers' Compensation. The employer's involvement consists only of premium payments. On the other hand, a self-insured employer normally receives and processes his own employees' claims. The bureau or commission then becomes involved only in the event of a disputed claim, as apparently happened in this case.

R.C. 4123.84[1] presents an analogous distinction between such employers. Under this section, claims against self-insured employers are timely if, within two years of the injury, either (1) written notice is given to the commission or bureau, or (2) the employer provides specified medical care, or (3) specified benefits are paid by the employer. Claims against state fund insured employers, however, are ordinarily timely only if written notice is given to the commission or bureau within two years of the injury. The two additional methods in the case of self-insured employers reflect a legislative intention to broaden the definition of an "institution" or "pursuance" of a claim when the employer is self-insured.

Since the self-insured employer is the party distributing the benefits or compensation, it is sound reasoning to trigger the R.C. 4123.90 protections once the employer becomes involved with the compensation process. This gives the self-insured employer sufficient notice that an actual pursuit of a claim or proceeding is being made by the injured employee. As in *Bryant*, this requires more than the mere oral communication of an intent to pursue a claim.[2]

Appellant urges a finding that the mere reception of treatment with the employer's knowledge is sufficient to establish a claim for purposes of R.C. 4123.90. In *Bryant, supra,* however, we held that an "actual pursuit" of the claim must be made before the statute's protection attaches. Reception of treatment is not such an actual pursuit.

We therefore hold that a workers' compensation claim or proceeding for medical expense benefits has been "instituted" or "pursued" against a self-insured employer for purposes of R.C. 4123.90 if: (1) a formal written claim is filed by the employee with the employer, the Bureau of Workers' Compensation, or the Industrial Commission of Ohio, or (2) the employer agrees to

---

[1] R.C. 4123.84 reads, in pertinent part, as follow:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation;

"(2) the employer, with knowledge of a claimed compensable injury or occupational disease, has paid wages in lieu of compensation for total disability;

"(3) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau, or the employer has furnished treatment by a licensed physician in the employ of an employer; providing, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code."

[2] We make no determination, however, as to what constitutes the "institution" or "pursuance" of a claim when the employer is a state fund insured employer.

pay or has paid for medical care provided to an injured employee, or (3) the employer receives written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee on account of his employment-related injury, or (4) the employer becomes similarly involved with the compensation process.

The first situation is true for all employers subject to the Workers' Compensation Act. The second circumstance binds the self-insured employer who acquiesces in the employee's compensation entitlement; all that remains is the actual filing of a written claim, the failure of which to occur should not be the sole reason to prevent recovery. The written notice in the third situation is identical in effect to a written claim filed by the employee, and thus should not be given any less weight. Finally, the fourth test will cover all other situations where the employer's involvement in the compensation process should invoke the protection of R.C. 4123.90.

In the present case, it is undisputed that a claim had not been filed prior to discharge. An examination of the record, especially the June 27, 1979 termination letter received by appellant, indicates that one of the other tests may have been met, however. Since appellant's complaint was dismissed prior to trial, we must remand for a determination on the merits.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and J. P. CELEBREZZE, JJ., concur.

C. BROWN, J., concurs in part.

HOLMES, J., dissents.

CLIFFORD F. BROWN, J., concurring in part. I concur in the judgment and syllabus, and in the rationale of the majority opinion except for the following portion.

At page 144 the opinion states, "Appellant urges a finding that the mere reception of treatment with the employer's knowledge is sufficient to establish a claim for purposes of R.C. 4123.90." It concludes that "[r]eception of treatment is not such an actual pursuit," to constitute a compensable claim. This conclusion is incorrect. It conflicts with the next paragraph of the opinion which correctly holds, *inter alia,* that a workers' compensation claim has been "instituted" or "pursued" against a self-insured employer within R.C. 4123.90 when "(2) the employer agrees to pay or has paid for medical care provided to an injured employee, or (3) the employer receives written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee on account of his

employment-related injury, or (4) the employer becomes similarly involved with the compensation process."

HOLMES, J., dissenting. I must dissent in that the court of appeals appropriately found, under the facts of this case, that a self-insured employer's provision of medical treatment to an employee is not equivalent to filing a claim, and does not constitute recognition by the employer of a valid workers' compensation claim already in existence.

The applicable law was set forth in *Genheimer* v. *Clark Grave Vault Co.* (1980), 70 Ohio App.2d 65 [24 O.O.3d 77], a case in which an employee injured his back. The accident was reported, the employee received first aid from the nurse, an accident report was completed, and he subsequently received chiropractic treatment. A few weeks later, plaintiff received a head injury which was immediately reported to the foreman and to the nurse on duty the next day. The company physician sent plaintiff to a hospital for x-rays. Plaintiff signed an application for workers' compensation benefits, and told the nurse he had filed a claim. He was terminated shortly thereafter, and filed a workers' compensation claim only after his termination. Despite these steps being taken the court stated:

"* * * [T]he employer had not recognized the claim, prior to plaintiff leaving his employ, by paying benefits. There was only *notice* of two potential claims and of events preparatory to the filing of claims or the receiving of benefits. R.C. 4123.90 requires, as a minimum, a proceeding." (Emphasis sic.) *Genheimer, supra,* at 69.

It is conceded here that no claim had in fact been filed by the employee, nor was there any specific notice given by the employee to the employer of his intent to file an industrial claim. Under Ohio's workers' compensation law, a claim is filed when the Industrial Commission or Bureau of Workers' Compensation is given written notice of a claimed injury. *State, ex rel. Carr,* v. *Indus. Comm.* (1935), 130 Ohio St. 185 [4 O.O. 122]. The only issue is whether or not he had instituted proceedings under the Workers' Compensation Act prior to his discharge, and it may not reasonably be asserted that providing medical treatment to an employee is instituting a proceeding because some affirmative action must be taken by the employee in this regard. This court so stated in *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367 [23 O.O.3d 341]. In *Bryant,* this court concluded, in interpreting R.C. 4123.90, that the expression of an intent to pursue a claim for workers' compensation benefits was not within the class of activities protected by the statute. *Id.* at 371. It was noted that, unlike Section 132a of West's California Labor Code, R.C. 4123.90 created no cause of action for an employee who had made known his intention to file an application. *Id.* at fn. 2. In utilizing the specific and exclusive words, "filed a claim" and "instituted, pursued or testified in" any proceedings, the General Assembly excluded the interpretation urged by the appellant.

The majority opinion here reaches the hypothetical and the absurd result

that where a self-insured employer provides medical treatment to injured employees as required by law, and later fires an employee, an action may be brought against the employer under R.C. 4123.90. Conversely, where the self-insuring employer would terminate the employee rather than provide such medical services, such employer would not be amenable to actions pursuant to this section. Certainly, this is not the intention of the General Assembly.

This court is again legislating and rewriting the pertinent statutes by establishing the syllabus law that the mere providing of medical services to the employee, or the notice that such have been provided by an independent health care provider, constitutes filing a claim or instituting a proceeding within the Industrial Commission. If this is to be done, it remains within the General Assembly's prerogative to do so.

Accordingly, I would affirm the judgment of the court of appeals.