Lesa ZARAGOSA, Appellant,

v.

ONEOK, INC., Appellee.

No. 60713.

Court of Appeals of Oklahoma,
Division No. 3.

Nov. 13, 1984.

Rehearing Denied Dec. 11, 1984.

Certiorari Denied Feb. 28, 1985.

Approved for Publication by the
Supreme Court March 11, 1985.

Gloyd L. McCoy, Oklahoma City, for appellant.

John M. Sharp, Tulsa, for appellee.

HUNTER, Judge:

Lesa Zaragosa, appellant, appeals from the trial court's granting of summary judgment in favor of ONEOK, Inc., appellee, on her cause of action predicated on the theory of a retaliatory firing under Section 5 of the Workers' Compensation Act, 85 O.S. 1981 § 5.

Appellee filed an affidavit of Virgil Randall, the distribution maintenance superintendent for ONG, which sets forth the following salient and uncontroverted facts: Zaragosa was an employee of Oklahoma Natural Gas Company (ONG), a division of ONEOK. On Monday, December 21, 1981, Zaragosa informed her immediate supervisor that her back was hurting, and that she was leaving work to go home and take medication. That at approximately 8:00 a.m. on December 22, 1981, Zaragosa's mother called to advise Randall she was taking Zaragosa to see a doctor. At approximately 1:30 p.m. the same day, Zaragosa and her mother appeared at Randall's office and presented a report from Dr. M., which stated that Zaragosa sustained a severe back injury on the job on December 21, 1981, and should be placed on sick leave for 7 days. At approximately 5:00 p.m. that same day, December 22, Randall advised Zaragosa that an appointment had been made for her to be examined by Dr. F. at 9:00 a.m. the following day, December 23, 1981. That on December 23, 1981, Dr. F. advised Randall that he had examined Zaragosa and that it was his opinion that she was able to work and needed no further medical treatment and no further lost time as a result of any injury on December 21. Randall then advised Zaragosa on the afternoon of December 23, 1981, of Dr. F.'s opinion and advised her to report for work at 8:00 a.m. on December 24, 1981. Zaragosa advised Randall that she would not return to work the next day and Randall advised her that her failure to report to work would result in her employment being terminated. On December 24, 1981, Zaragosa did not report to work but returned to Dr. F. who advised her she had no permanent impairment and was able to return to work. Copies of Dr. M.'s report and both of Dr. F.'s reports were attached to the affidavit and made a part thereof. The affidavit then states: "That as a result of the above and foregoing, the undersigned terminated plaintiff's employment with defendant, effective December 23, 1981." The affidavit also claims that Zaragosa's employment was terminated solely on account of her willful refusal to return to work rather than being in any way related to her worker's compensation claim.

On December 29, 1981, Zaragosa filed her claim for compensation for the back injury with the Workers' Compensation Court. On March 31, 1982, the Workers' Compensation Court approved a joint petition filed by Zaragosa and ONEOK which represented a compromise settlement of the claim. Pursuant to the terms of the joint petition, Zaragosa received $780.00 for temporary total disability and $6,750.00 for permanent partial disability.

On February 28, 1983, Zaragosa filed her lawsuit predicated on retaliatory discharge. Thereafter, ONEOK moved for summary judgment based on the affidavits of Randell and Daniel Seitsinger, a claims attorney for ONEOK, certified copies of the documents filed in the Workers' Compensation Court and copies of medical reports and letters prepared by Dr. M. and Dr. F. Zaragosa filed an objection to the granting of summary judgment which only listed the potential issues in the case. She filed no evidentiary material on her own behalf. In ruling for ONEOK, the trial court noted that Zaragosa had not complied with Rule 13 of the Rules for District Courts of Oklahoma, 12 O.S. 1981, Ch. 2, App., because she made no reference to any evidentiary materials showing that material factual controversies existed. Based on Randall's affidavit and the fact that Zaragosa did not file her Form 3 with the Workers' Compensation Court until after she had been terminated, the trial court found that the uncon-

troverted facts show that this case does not fall within the parameters of the cause of action created by Section 5 of title 85 of the Oklahoma Statutes.

On appeal, Zaragosa contends that (1) the trial court erred in finding that she had not complied with rule 13 and (2) the trial court erred in granting summary judgment for ONEOK, due to the fact that a material factual controversy existed as to whether ONEOK fired her in violation of 85 O.S. 1981 § 5.

■ We agree with the trial court that the objection filed by Zaragosa does not comply with Rule 13. The objection only states that material factual controversies exist regarding certain issues. No reference to any evidentiary material is made, as specifically required in Rule 13. See Rule 13 of the Rules for District Courts of Oklahoma, 12 O.S. Ch. 2, App. A party cannot simply rely on his own pleadings in opposition to affidavits and other material supporting a motion for summary judgment. *Weeks v. Wedgewood Village, Inc.,* 554 P.2d 780 (Okl.1976).

■ Zaragosa does not contest the events as they occurred. She only alleges that there is a disputed factual question regarding the reason she was fired. As pointed out by Zaragosa, and as conceded by ONEOK, that specific question concerns the *subjective* intent of ONEOK which we hold could only be resolved by a jury after considering the evidence.

In the case of *Weaver v. Pryor Jeffersonian,* 569 P.2d 967, (Okl.1977), the Oklahoma Supreme Court quoted with approval language from *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489, (Okl.1974), as follows:

Also, on motion for summary judgment, all inferences and conclusions to be drawn from underlying facts contained in such materials as affidavits, admissions, depositions, pleadings, exhibits and the like, must be viewed in a light most favorable to party opposing the motion.

and

Motion for summary judgment should be denied if the facts concerning any issue raised by the pleadings and affidavits thereinafter filed in the case are conflicting, or if reasonable men, in exercise of fair and impartial judgment, might reach different conclusions from undisputed facts concerning any issue as set forth in such instruments.

See also *Stuckey v. Young Exploration Co.,* 586 P.2d 726, (Okl.1978); *Gilmore v. St. Anthony Hospital,* 598 P.2d 1200 (Okl. 1979) and *Wilds v. Universal Resources Corp.,* 662 P.2d 303, (Okl.1983).

Appellee's affidavit sets forth uncontroverted facts regarding the relationship of the parties and its termination. The statement that appellant was terminated solely because she refused to return to work and not because she was making a workers' compensation claim, is a conclusion with which reasonable men could disagree based on the uncontroverted facts contained in the affidavit.

The central issue before us is whether, under the uncontroverted facts, this case falls within the provisions of Section 5 to establish a cause of action. The trial court only ruled that the uncontroverted facts did not meet any of the prerequisites listed in Section 5 to establish a cause of action.

Section 5 provides:

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties. 85 O.S.1981 § 5.

In other words, it is argued that at least one of the four above-stated prerequisites must have occurred *prior* to the firing or discharge in order to have a cause of action under this statute. The argument presented to the trial court, and to this court on

appeal, centers on whether the case falls within the third prerequisite relating to the institution of proceedings under Title 85.

The uncontroverted facts establish that Zaragosa had "instituted proceedings" under the Act prior to her discharge. "Institute" is defined as meaning "to originate and get established ... to set going." Webster New Collegiate Dictionary 599 (1976). "Proceeding" is defined as meaning "an act which is done by the authority or direction of the court ...; an act necessary to be done in order to obtain a given end; a prescribed mode of action for carrying into effect a legal right." Black's Law Dictionary 1083 (5th Ed.1979). While the Oklahoma Supreme Court has not interpreted the meaning of the phrase "instituted ... any proceeding", the Court in *First National Bank of Pauls Valley v. Crudup*, 656 P.2d 914, 916 (Okl.1982), stated that "the term 'proceedings begun' refers to essential steps or measures to invoke, establish or vindicate a right." The Court held that timely filing of a lien statement was a condition precedent to foreclosure, for failure to pay a materialman and, thus was the first critical step in the "proceeding begun". We consider *First National Bank of Pauls Valley v. Crudup*, to be sufficiently analagous for purposes of defining "institute proceeding."

Under our Workers' Compensation laws, a critical step in perfecting a claim for compensation is the employee's obligation to provide his employer with written notice of an injury unless the same is excused by the Administrator. 85 O.S. 1981 § 24. On December 22, 1981, a day before the effective date of her discharge, Zaragosa gave her employer a written report from Dr. M. indicating that she had injured her back on the job on December 21, 1981 and that she should be placed on sick leave for 7 days. We believe this written notice satisfied Section 24 and, therefore, Zaragosa did institute proceedings under the Act. Moreover, ONEOK, further continued proceedings under the Act when it made an appointment for Zaragosa to be examined by Dr. F. on Decem-

ber 23, 1981, which it is authorized to do by 85 O.S.1981 § 14.

In accord with our view is the Texas decision of *Texas Steel Co. v. Douglas*, 533 S.W.2d 111 (Tex.1976). *But see, Bryant v. Dayton Casket Co.*, 69 Ohio St.2d 367, 433 N.E.2d 142 (1982); *Genheimer v. Clark Grave Vault Co.*, 70 Ohio App.2d 65, 434 N.E.2d 744 (1980). In *Douglas*, the Texas court in construing a Texas Workers' Compensation statute, which is in essence the same as our own Section 5, stated at page 116:

> In order to give the words "instituted, or cause to be instituted ... any proceeding" ... some effect ..., we must construe this part of the statute to include a state of proceeding under the Workmen's Compensation Act reached prior to the time the employee files his claim for compensation.

The employer in *Douglas* had argued that a proceeding was not instituted until a claim had been filed. The Texas court stated that "(i)f that contention is correct ... the words 'instituted ... any proceeding ...' would have been nugatory and superfluous because that situation would have been covered, even if those words had been left out of the statute completely, by the part of the statute that creates a cause of action against an employer for firing an employee because he filed a claim." *Id.* at 116.

While ONEOK has not argued that "instituted any proceeding" means that an employee must have filed a claim, the rationale applied in *Douglas* is applicable here, i.e., "instituted any proceeding" is broadly defined to protect the employee, as the Legislature intended. We do not find convincing ONEOK's argument that we should adopt the more restrictive view proferred by the Ohio courts in *Bryant* and *Genheimer, supra*. Those decisions, as well as ONEOK's argument, indicate that some formal act, such as "filing a claim", is necessary to "institute any proceeding" under the Act. We disagree with this line of reasoning. Our Workers' Compensation laws are to be liberally construed and in

order to give effect to the phrase "instituted ... any proceeding" we construe it as including any of the steps necessary and critical to properly perfect a claim for compensation under the Act. *See Robison v. Ray*, 637 P.2d 108 (Okl.1981) (statutes must be construed to render every word and sentence operative, rather than in a manner which renders some provision nugatory).

Consequently, for the foregoing reasons, we Reverse the trial court's granting of summary judgment in favor of ONEOK and Remand the matter for further proceedings consistent with the views expressed herein.

REVERSED AND REMANDED.

REYNOLDS, J. (assigned), concurs.

CHARLES M. WILSON, J., dissents.