## Fails v. Lawson Co.
*[Cite as 7 AOA 278]*

*Case No. 57629*

*Cuyahoga County, (8th)*
*Decided October 18, 1990*

Donald Weisberger, 75 Public Square, Suite 1425, Cleveland, Ohio 44113, for Plaintiff-Appellant.

Thomas P. Marotta and James P. Gruber, Gruber, Moriarty, Fricke & Jaros, 1500 Terminal Tower, Cleveland, Ohio 44113, for Defendant-Appellee.

## J.F. CORRIGAN, J.

The plaintiff employee appeals from the trial court's order granting the defendant employers' motion for summary judgment on the employee's three-count complaint for damages arising from the employer's termination of her employment. The employee, in her two assignments of error, challenges the trial court's summary judgment order. We find that the trial court correctly ordered summary judgment in this case, so we overrule the employee's two assignments of error and affirm the trial court's judgment.

The employee worked as a full time cashier at one of the employer's convenience stores beginning in 1984. In the complaint that she later filed, the employee admitted that the employer retained her as an "at-will" employee.

On January 17, 1987, the employee sold one quart of beer to a youth 17 years of age. The employee claimed that the youth had produced a false state identification card and that she made the sale without realizing that the youth was underage. Ohio Department of Liquor Control agents, who were conducting a surveillance operation of the store, detained the youth, ascertained his true age, and immediately cited the employee and the store for selling and furnishing beer to an underage person. See R.C. 4301.89.

On January 20, 1987, the employers suspended the employee pursuant to the employer's written and posted policy concerning the sale of cigarettes and alcohol to underage individuals. That policy states in relevant part:

"The employee who committed the alleged alcoholic beverage violation will be suspended immediately, without pay, pending a final hearing before the STATE agency handling the violation.

"The employee who committed the alleged cigarette paper violation will be suspended immediately, without pay, pending the final hearing of the LOCAL court handling the violation.

"If the State agency or local court rule [sic] that a violation WAS committed, the employee's 'SUSPENSION' will change to a 'TERMINATION.'

"If the State agency or local court determined that NO violation occurred, the employee will be reinstated, without back pay."(Emphasis in original.)

The employee, in deposition testimony submitted in support of the employer's summary judgment motion, admitted that: (1) she personally copied the policy for her own reference; and (2) the employer posted the policy in the store where she worked.

On February 24, 1987, the municipal court heard and determined the charge against the employee. At the hearing, the citing liquor control agents failed to appear. The trial court permitted the employee to enter a no contest plea to the liquor violation and subsequently found the employee not guilty.

The employee's immediate supervisor called the employee back to work that day. However, after working for two hours, another management representative told her to leave the store and not to return to work. On April 21, 1987 the Liquor Control Commission of the State of Ohio held a hearing on the charges against the employer. The violations specified in the notice of hearing stated:

"Violation #1-On January 17, 1987, your agent and/or employee AMANDA FAILS [the plaintiff-employee] did sell in and upon the permit premises beer to ARNOLD T. MILES who was then and there under 19 years of age in violation of Section 4301.69 of the Ohio Revised Code.

"Violation #2-On January 17, 1987, your agent and/or employee AMANDA FAILS [the plaintiff-employee] did furnish in and upon the permit premises beer to ARNOLD T. MILES who was then and there under 19 years of age

in violation of Section 4301.69 of the Ohio Revised Code."

On motion of the attorney general, the commission dismissed the first alleged violation. However, the commission found that the employer had committed the offense as alleged in the second violation and subsequently suspended the employer's liquor permit for that store for a period of five days.

On August 19, 1987, the plaintiff filed this action stating three claims for relief. She first alleged that she was entitled to damages under R.C. 2307.60 as a person injured by a criminal act. She asserted that the employer's violation of R.C. 4301.69, albeit through her, resulted in the loss of her job. In her second claim for relief, the employee asserted that her discharge constituted a breach of oral terms of her employment-at-will. Finally, the employee claimed that the employer discharged her in retaliation for her pursuing workers' compensation benefits. Such discharge constitutes a violation of R.C. 4123.90.

After denying the material allegations of the employee's complaint in its answer, the employer filed a motion for summary judgment on all claims submitted by the employee. The trial court granted that motion.

This court is bound by the provisions of Civ. R. 56 in our determination of the propriety of the trial court's summary judgment order. Accordingly, we are mindful that a motion for summary judgment may only be granted where there exists no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Civ. R. 56(C). A trial court must refrain from granting a summary judgment motion unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party. *Id.* In reviewing a grant of summary judgment, this court must construe the evidence in a light most favorable to the non-moving party. *Morris v. Ohio Cas. Co.* (1988), 35 Ohio St. 3d 45, 47.

With respect to the employee's first cause of action, R.C. 2307.60 provides:

"Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought pursuant to this section."[1]

Implicit in this provision is the understanding that a plaintiff cannot recover where the plaintiff's criminal conduct caused the injuries for which relief is sought. Here, any criminal activity by the employer which would justify relief would be indistinguishable from criminal activity by the employee. Accordingly, since as a matter of law the employer was entitled to judgment on this issue, the trial court properly granted summary judgment with respect to the employee's first claim for relief.

The employee, in her second cause of action, asserted that the employer breached oral terms of employment when the employer discharged her after she had been found not guilty of selling beer to a minor.

"Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law." *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St. 3d 100, paragraph one of the syllabus. Company policy may be considered in determining the terms of discharge in an oral employment-at-will agreement. Cf. *Id.*, at paragraph two of the syllabus.

In the instant action, the employer's policy concerning liquor violations, known and understood by the employee, clearly provides that the initial suspension for an alleged liquor violation would change to a termination upon the state agency's finding that a violation was committed. Here, the state liquor commission found that the employer, through the plaintiff employee, had violated R.C. 4301.69 by furnishing liquor to an underage individual. Thus, pursuant to the employer's policy, as constituting a term of the oral employment-at-will agreement, the employer could rightfully discharge the employee.

The employee argues that her acquittal by the municipal court should have precluded the finding of a violation by the state agency. See R.C. 4301.991 (permit holder shall not be cited by liquor control commission where municipal court previously renders "not guilty" verdict for identical alleged violation). Since the commission's finding, she argues, was invalid, her termination under the employer's alcohol

violation policies was also wrongful. However, a closer inspection of the record discloses that the municipal court and the liquor commission determined separate issues. The municipal court acquitted the employee of "selling" liquor to a minor, as charged in the complaint filed with the municipal court. The liquor control commission, apparently mindful of the municipal court's ruling, found that the employer had violated R.C. 4301.69 by "furnishing" beer to a minor.

The employee, in her third claim for relief, asserted that the employer wrongfully terminated her employment in retaliation for pursuing workers' compensation remedies for her injured back. The employee, in her deposition testimony, stated that she injured her back in December of 1986. She filed a written accident report with the store manager but submitted no application for workers' compensation with the employer, a self-insured employer under Ohio's workers' compensation laws. She made several telephone inquiries to the state bureau of workers' compensation but failed to pursue relief through that agency. The employer's medical insurance paid for all of her medical expenses relating to her injury and the employee submitted no medical bills directly to the employer.

R.C. 4123.90, which prohibits retaliatory discharges, only applies where an employee is discharged *after* taking some measure that would constitute the actual pursuit of a workers' compensation claim. *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St. 2d 367, 371.

"A workers' compensation claim or proceeding for medical expense benefits has been 'instituted' or 'pursued' against a self-insured employer for purposes of R.C. 4123.90 if:

(1) a formal written claim is filed by the employee with the employer, the Bureau of Workers' Compensation, or the Industrial Commission of Ohio, or

(2) the employer agrees to pay or has paid for medical care provided to an injured employee, or

(3) the employer receives written notice from an independent health care provider in the form of a bill for medical services rendered to an injured employee on account of his employment-related injury, or

(4) the employer becomes similarly involved with the compensation process." *Roseborough v. N.L. Industries* (1984), 10 Ohio St. 3d 142, syllabus.

The record in the instant action reveals that none of the above-stated preconditions for the application of R.C. 4123.90 occurred. Accordingly, the trial court properly granted summary judgment for the employer on the employee's third claim for relief.

*Judgment affirmed.*

SWEENEY, P.J., and PRYATEL, J., Concur.

Judge August Pryatel, Retired, of the Eighth District Court of Appeals, sitting by assignment.

---

[1] The employer correctly notes that the employee may not recover attorney's fees and punitive damages as specified under R.C. 2307.60 since that provision of the statute became effective after the filing of the employee's complaint and has no retroactive application.