DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Charles Franks, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Dave's Masonry, and dismissed appellant's complaint. This Court affirms.
 I. {¶ 2} Appellant worked for appellee as a seasonal worker for several years. Appellant allegedly injured his back at work on May 11, 2004. On May 12, 2004, when appellant met David Quine, the owner and manager of appellee company, for his work assignment, Mr. Quine refused to let appellant work that day. Appellant filed a workers' compensation claim on May 13, 2004, alleging that he was injured at work on May 11, 2004. On July 7, 2004, appellant sent a notice to appellee pursuant to R.C.4123.90, complaining of wrongful discharge in violation of the Ohio Workers' Compensation Act. Appellee received the notice on July 10, 2004.
 {¶ 3} On November 2, 2004, appellant filed a complaint in the Summit County Court of Common Pleas wherein he alleged two counts, to wit: one count of wrongful termination/retaliatory discharge in violation of the Workers' Compensation Act, R.C.4123.90, and one count of wrongful termination/retaliatory discharge in violation of public policy. Appellee answered the complaint, denying the claims.
 {¶ 4} Appellee filed a motion for summary judgment on May 31, 2005. Appellant filed a brief in opposition. On August 16, 2005, the trial court issued an order granting appellee's motion for summary judgment and dismissing appellant's complaint. Appellant timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} Appellant argues that the trial court erred by granting appellee's motion for summary judgment. Specifically, appellant argues that the trial court erred by ruling that appellant's claim alleging retaliatory discharge pursuant to R.C. 4123.90
must fail, because appellant did not file his workers' compensation claim until after he was discharged from appellee's employ.[1] This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 9} To establish a prima facie case for wrongful termination based on retaliation for filing a workers' compensation claim, i.e., retaliatory discharge, appellant must be able to prove the following: (1) he suffered an occupational injury; (2) he filed a workers' compensation claim; and (3) his discharge was in contravention of R.C. 4123.90, i.e., he was subsequently discharged from his employment in retaliation for filing the claim for benefits. Huth v. Shinner's Meats Inc.,
6th Dist. No. L-05-1182, 2006-Ohio-860, at ¶ 17, citing Wilsonv. Riverside Hosp. (1985), 18 Ohio St.3d 8, at syllabus. R.C.4123.90 states, in relevant part:
"No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."
 {¶ 10} The Ohio Supreme Court held that R.C. 4123.90 "applies only if the employee had been discharged after taking some action which would constitute the actual pursuit of his claim, not just an expression of his intent to do so." Bryant v. Dayton CasketCo. (1982), 69 Ohio St.2d 367, 371. The Ohio Supreme Court later addressed the question left unanswered in Bryant inRoseborough v. N.L. Industries (1984), 10 Ohio St.3d 142, specifically: "What does constitute the `institution' or ` pursuance' of a workers' compensation claim for purposes of R.C. 4123.90?" Roseborough, 10 Ohio St.3d at 143. However, theRoseborough court answered that question within the context of a self-insured employer. The Roseborough court distinguished as follows:
"In the case of a state fund insured employer, as in Bryant,
claims are normally filed with and processed through the Bureau of Workers' Compensation. The employer's involvement consists only of premium payments. On the other hand, a self-insured employer normally receives and processes his own employees' claims. The bureau or commission then becomes involved only in the event of a disputed claim * * *." Id.
 {¶ 11} In this case, neither party asserts whether appellee is a state fund insured employer or a self-insured employer. David Quine, however, averred in an affidavit that appellant filed his claim for workers' compensation with the Ohio Bureau of Workers' Compensation. Accordingly, this Court presumes that appellee is a state fund insured employer, so that the holding inBryant is applicable. Nevertheless, the Roseborough court, while failing to determine what constitutes the "institution" or "pursuance" of a workers' compensation claim when the employer is a state fund insured employer, did clarify that "we did not hold in Bryant that the protection of R.C. 4123.90 is triggered only upon the actual filing of a written claim." Roseborough,10 Ohio St.3d at 143. Accordingly, this Court must review the record to determine whether appellant did anything that might be construed as the "institution" or "pursuance" of his workers' compensation claim prior to his termination from appellee's employ.
 {¶ 12} In this case, appellee submitted as evidence in support of its motion for summary judgment the transcript of appellant's sworn testimony before a hearing officer at the Bureau of Workers' Compensation and Mr. Quine's affidavit. Appellant appended no additional evidence to his brief in opposition to appellee's motion for summary judgment.
 {¶ 13} Appellant testified that he injured his back late in the afternoon of May 11, 2004. Although appellant testified that he thought he told Mr. Quine that he had suffered an injury, he added that it was possible that he did not mention the injury at all that day. Appellant testified that he drove to the home of another employee the next morning, so that the two of them could meet Mr. Quine at the designated meeting place to receive the day's work assignment. Appellant testified that he decided on the way that he would not work that day due to back pain, although he did not convey that to Mr. Quine. Appellant testified that when he met Mr. Quine on the morning of May 12, 2004, Mr. Quine refused to let appellant work that day because appellant "was too messed up to go to work for where we was going to work at." Appellant then testified that he told Mr. Quine as Quine walked away that he had hurt his back on May 11, 2004. Appellant testified that Mr. Quine did not respond. Mr. Quine averred in his affidavit that appellant filed his claim with the Bureau of Workers' Compensation on May 13, 2004, and that he became aware of the claim when he received a call from the Ohio Bureau of Workers' Compensation on or about May 19, 2004.
 {¶ 14} There is no evidence in the record to indicate that appellant filed his workers' compensation claim prior to his termination on May 12, 2004. In fact, there is only evidence which indicates that appellant filed his claim the day after his termination. There is further no evidence in the record to indicate that appellant instituted or pursued his workers' compensation claim prior to his termination on May 12, 2004. Appellant cannot say definitively that he told Mr. Quine that he had been injured on May 11, 2004. Appellant also does not allege that he informed Mr. Quine that he would be filing a workers' compensation claim in regard to that injury. Finally, there is no evidence that appellant requested any paperwork to file his claim.
 {¶ 15} Appellee presented evidence to establish that appellant had done nothing in pursuance of a workers' compensation claim prior to his termination on May 12, 2004. Accordingly, appellee has demonstrated that appellant has failed to establish a prima facie case for retaliatory discharge. Appellant thereafter failed to present any evidence to show that he had in fact instituted or pursued his claim prior to his termination. Under these circumstances, this Court finds that appellant has failed to meet his reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. Zimmerman,75 Ohio St.3d at 449.
 {¶ 16} Appellee established that appellant failed to demonstrate that he could prove the third element of his claim for retaliatory discharge. Appellant presented no evidence in rebuttal, specifically, that he had filed, instituted or pursued a workers' compensation claim prior to his termination. Therefore, no genuine issue of material fact exists, and appellee is entitled to judgment as a matter of law. Appellant's assignment of error is overruled.
 III. {¶ 17} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Boyle, J., concur.
[1] Appellant makes no argument regarding the trial court's granting of summary judgment in regard to appellant's claim alleging wrongful termination in violation of public policy. Accordingly, this Court declines to address that issue.