**Estill PLUMMER (Deceased), Shirley Plummer (Widow), Appellant,**

v.

**SHARONDALE COAL CORP.; Vicki G. Newberg, Acting Director of Special Fund; Hon. Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 91–CA–2117–WC.**

Court of Appeals of Kentucky.

July 31, 1992.

Kelsey E. Friend, Pikeville, for appellant.

Mark C. Webster, Labor Cabinet–Special Fund, Louisville, for appellee, Vicki G. Newberg.

A. Stuart Bennett, Lexington, for appellee, Sharondale Coal.

Before McDONALD, MILLER and STUMBO, JJ.

McDONALD, Judge.

This case is before the Court on a petition for review of a decision of the Workers' Compensation Board affirming the administrative law judge's (ALJ) order terminating benefits being paid to Shirley Plummer pursuant to KRS 342.730(3)(b).

The factual background of this case is straightforward and uncontroverted. Estill Plummer, Shirley Plummer's former husband, having been found 100% occupationally disabled as a result of coal workers' pneumonoconiosis, received an award from the "Old" Workers' Compensation Board.

Pursuant to KRS 342.730(3)(b), Shirley Plummer and her four dependent children were extended the award after Estill Plummer's death from a cause not related to the disability which gave rise to his award of benefits.

The order extending the benefits to the widow, Plummer, and her dependent children provided that the award would continue "for the projected life expectancy of the plaintiff, Estill Plummer, or for so long as Shirley Plummer remains the plaintiff's widow, and the said dependent children remain dependent, whichever is shorter...."

Shirley Plummer remarried on October 6, 1988. On December 14, 1988, Sharondale Coal Corporation (the employer) made a motion to terminate all benefits to Plummer and to continue paying only fifty percent (50%) of the total benefits to the dependent children.

The ALJ held as a matter of law that the provisions of KRS 342.730 as it existed at the time of the onset of Estell Plummer's disability control the issues in this matter and not the current provisions of that section.[1] The applicability of the prior provision of KRS 342.730 is not contested. However, its interpretation is questioned. The ALJ held that a widow is not entitled to continued payment of widow's benefits upon remarriage under the prior provisions of 342.730.

Prior to the 1987 Amendment, KRS 342.-730(3) provided as follows:

> (3) When an employe, who has sustained disability compensable under this section, and who has filed, or could have timely filed, a valid claim in his lifetime,

---

1. Currently, KRS 342.730 contains additional language in a section which was not included in the statute previously. The additional language provides that upon remarriage a widow or widower receives "up to two (2) years, benefits as specified in the award and proportioned under paragraphs (a) or (b) of this subsection, if such proportioned benefits remain unpaid, to be paid in a lump sum." KRS 342.730(3)(e).

dies from causes other than the injury before the expiration of the compensable period specified, the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named:

(a) To the widow or widower, if there is no child under the age of eighteen (18) or incapable of self-support; or

(b) If there are both such a widow or widower and such a child or children, one-half to such widow or widower and the other half to such child or children; or

(c) If there is no such widow or widower but such a child or children, then to such child or children; or

(d) If there is no survivor in the above classes, then the parent or parents wholly or partly actually dependent for support upon the decedent, or to other wholly or partly dependent relatives ... or to both, in such proportions as the board may provide by regulation.

KRS 342.750(1)(c) concerned the payment of benefits when a work-related injury caused death and it provided, in pertinent part, as follows:

(c) Two years' indemnity benefits in one (1) lump sum shall be payable to a widow or widower upon remarriage.

▇ Plummer argues that when continuation benefits are awarded to a widow under KRS 342.730(3), they are not terminated by reason of remarriage. Her argument is based on the fact that while KRS 342.080 specifically terminated benefits payable to a dependent upon the dependent's marriage, the statute was repealed and KRS 342.730 which was enacted and adopted in its place did not contain the same specific language. Accordingly, Plummer insists that, if the legislature intended for a widow's continuation benefits to terminate upon a subsequent remar-

riage, it would have expressly stated so. The repeal of KRS 342.080, argues Plummer, shows a legislative intent to distinguish between two groups of widows (those whose husbands die from causes which are nonwork-related and those whose husbands die from work-related causes) and to treat those two groups differently.

We disagree with the statutory interpretation and determination of legislative intent proffered by Plummer. Instead, it is our opinion that such an interpretation would fail to carry out the objective of the legislature in fulfilling the purpose of the Workers' Compensation Act.

The issue in this case revolves around the meaning to be given the term "widow" for purposes of receiving benefits under KRS Chapter 342.

The word "widow" is not statutorily defined. Therefore, Plummer, the Special Fund, and the employer all argue that because there is no statutory definition it should be given its plain, ordinary meaning. Naturally, the parties all offer various definitions supporting their respective positions concerning the true meaning to be afforded the term "widow." It is evident that case law and dictionary definitions are equivocal at best and thus do not serve to resolve the issue. We are, however, inclined to agree with the ALJ that the term widow is commonly defined as "[a] woman whose husband is dead, and who has not remarried." *See, e.g.,* Black's *Law Dictionary,* 5th Edition (1979), and *Webster's II New Riverside University Dictionary* (1984). Therefore, we are compelled, as were the ALJ and the board, to interpret the word in accordance with that common usage for purposes of the statutes under consideration in this matter. *See generally, Gateway Const. Co. v. Wallbaum,* Ky., 356 S.W.2d 247 (1961); *Thompson v. Bracken County,* Ky., 294 S.W.2d 943 (1956); and *Claude N. Fannin Wholesale Company v. Thacker,* Ky.App., 661 S.W.2d 477 (1983).

Our conclusion that a "widow" maintains her status of "widowhood" only for so long as she remains unmarried for purposes of receiving benefits pursuant to KRS 342.730

is buttressed by the fact that to conclude otherwise would lead to illogical, unfair and absurd results. We are convinced that this is not what the legislature intended. *See generally: Tabler v. Wallace,* Ky., 704 S.W.2d 179 (1986), *cert. den.* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 41 (1986); *City of Louisville v. Helman,* Ky., 253 S.W.2d 598 (1953); *Atlantic Coast Line R. Co. v. Commonwealth,* Ky., 193 S.W.2d 749, 302 Ky. 36 (1946); and *Overnite Transportation Company v. Gaddis,* Ky.App., 793 S.W.2d 129 (1990).

■ To classify widows in the manner urged by Plummer is unreasonable and would serve no legitimate purpose. In fact, such an interpretation of the statutes would irrationally bestow upon the widow whose husband died from nonwork-related injuries continued benefits upon her remarriage while the widow whose husband died from work-related injuries is denied *continued* benefits upon her remarriage. We refuse to afford an interpretation to the statute that would create irrational distinctions yielding absurd results that would serve to undermine the purpose of the Workers' Compensation Act. *See Columbia Sussex Corp., Inc. v. Hay,* Ky.App., 627 S.W.2d 270 (1982), and *Overnite Transportation, supra.*

Considering the language of KRS 342.-750 and the statutory scheme in general, we are convinced the legislature did not intend for a person receiving benefits under KRS 342.730, by virtue of the fact that she was a claimant's widow, to continue receiving the benefits after having remarried. It is clear to us that for purposes of obtaining these statutory benefits, a "widow" is no longer a "widow" upon remarriage. Thus, we conclude that the ALJ properly terminated the payment of benefits to Shirley Plummer (now Stanley).

Accordingly, we affirm the decision of the Workers' Compensation Board.

All concur.