Bernie LAYNE, Widow and Dependent of Thomas Layne, Deceased; Bernie Layne, Mother and Guardian of Linda Layne, infant; Evelene Thacker, Widow of Vernon Thacker, Deceased; Eva Parsons, Widow of Eddie Parsons, Deceased; Mary Ruth Owens, Widow of Raymond B. Owens, Deceased; and Carol Carter, Widow of Ward Carter, Deceased, Appellants,

v.

Vicki G. NEWBERG, Acting Director of Special Fund; Commonwealth of Kentucky, Transportation Cabinet, Dept. of Highways; Crescent Industries; I & E Coal Company; Mokie Coal Company, Inc.; Beth Elkhorn Corporation; Eric D. Hall, Administrative Law Judge; Ronald W. May, Administrative Law Judge; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 92–SC–334–WC.

Supreme Court of Kentucky.

Nov. 19, 1992.

Kelsey E. Friend, Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for appellants.

David Randall Allen, Labor Cabinet—Special Fund, Louisville, William J. Baird, III, Counsel for Crescent Ind. Pikeville, appellees Newberg and Crescent Industries.

Edwin A. Logan, Logan & Gaines, Frankfort, for appellee transportation Cabinet.

David H. Neeley, Prestonsburg, for appellee I & E Coal Co.

A. Stuart Bennett, Jackson & Kelly, Lexington, for appellees Mokie Coal Co., Inc. and Beth Elkhorn Corp.

## OPINION OF THE COURT

■■■ After a complete review of the parties' briefs and statutory law, the Opinion of the Court of Appeals is affirmed. The Court of Appeals thoroughly considered the circumstances of this case and the applicable law. For these reasons, we adopt the Opinion of the Court of Appeals:

"BEFORE: DYCHE, HAYES and McDONALD, Judges.

"HAYES, JUDGE: These consolidated workers' compensation appeals all turn on disposition of the same issue, to wit: Is the widow of a recipient of a workers' compensation award entitled to the continued payment of benefits after the nonwork-related death of her spouse if she remarries? The board answered the question in the negative. We agree and affirm.

"The facts of these appeals are identical. In each case, the spouse receiving disability payments under the workers' compensation statutes died of causes unrelated to his employment. His widow thereafter applied for continuation of payment of the deceased's benefits pursuant to KRS 342.730. In four of the five cases, the award to the widow was made specifically terminable upon remarriage. In one, no such limitation was included. All were appealed to the 'new' board, which reversed as to the last case and affirmed as to the other four.

"For disposition of these appeals, two statutes must be considered. KRS 342.730(4) (currently KRS 342.730(3)) and KRS 342.750 both provide for the continued payment of disability awards to certain classes of dependents of a claimant who dies before full benefits pursuant to the award are received. The former statute concerns payment where the claimant's death was not work-related, the latter where the death occurred in the ·course of employment. However, KRS 342.750(1)(c) also provides that:

[t]wo years' indemnity benefits in one lump sum shall be payable to a widow or widower upon remarriage.

"KRS 342.730 contains no like provision.[1]

"As stated, each of the widows in these appeals were awarded continuing benefits pursuant to KRS 342.730. As to Layne, Thacker, Parsons and Owens the awards were made terminable upon remarriage. In Carter's case, the administrative law judge was persuaded that the statute did not require such termination. All five cases were appealed to the Workers' Com-

---

**1.** "KRS 342.080, which was repealed in 1972, terminated payment of benefits upon remar- riage with no distinction made between work-related and nonwork-related deaths.

pensation Board, which concluded that the legislature intended such benefits should terminate upon remarriage. It is appellants' contention that this conclusion was erroneous.

"We begin by noting that, under general rules of statutory construction, we may not interpret a statute at variance with its stated language. *Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247 (1962). Here, however, we do not seek to interpret certain language; rather we must ascertain the significance, if any, for its absence. Thus, we must seek to determine not so much why the legislature chose to include the limiting language it did in KRS 342.750, but why it failed to include same in KRS 342.730. Not surprisingly, the parties disagree as to the legislature's intent in drafting the statutes as it did. Appellants theorize that the legislature, by failing to include the limiting language of KRS 342.750 in KRS 342.730, specifically intended to allow continuation of benefits to remarried widows of claimants who did not die of work-related causes. However, as we understand it, this interpretation would confer an enhanced benefit upon the widow of a claimant whose death was not otherwise compensable under the Workers' Compensation Act while essentially withholding that same benefit from the widow of a claimant who 'died in the line of duty' as it were. This is a distinction wholly unsupported by logic; moreover, it flies in the face of the stated purpose of the Act, that of affording financial protection to workers injured or killed in the course of employment. *Columbia Sussex Corp., Inc. v. Hay*, Ky.App., 627 S.W.2d 270 (1982). We are not constrained to interpret statutes in such a manner as to render their application an absurdity. *Overnite Transportation Co. v. Gaddis*, Ky.App., 793 S.W.2d 129 (1990).

"By contrast, the interpretation of the statutes put forth by the appellees seems to us to be the correct one. As the board phrased it:

> ... the obvious answer [is] that the legislature intended to bestow an *extra* two

years worth of benefits on the remarried spouse of a decedent who dies from a work-related cause. Through inverse reasoning, it follows that benefits to a surviving spouse under KRS 342.730 should terminate immediately upon remarriage, without the two years 'bonus.'[2]

"This interpretation is consistent with *Amburgey v. Daniel Construction Co.*, Ky., 592 S.W.2d 141 (1979), wherein our Supreme Court upheld an award made pursuant to KRS 342.730, which award was conditioned on, among other things, the surviving spouse's continued widowhood. Although the specific question we are here concerned with was not raised or addressed, we feel confident that the court would not have included that language without comment in its opinion had it believed the board to be misapplying the statute.

"Both sides engage in vigorous debate concerning the true definition of the word 'widow.' It seems that a widow has been defined both as a woman whose husband has died *and* as a woman who has not remarried after the death of her husband. We find it unnecessary to adopt any 'legal' definition of the word for purposes of disposition of these appeals. The board concluded that, for purposes of the statutes we here consider, the legislature intended to classify a woman as a widow only so long as she remained unmarried. We agree with this conclusion.

"The judgments of the Workers' Compensation Board are affirmed.

"ALL CONCUR."

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents.

2. "In 1987, the legislature amended KRS 342.730 to provide the same lump-sum payment available under KRS 342.750.