AUTOZONE, INC., Appellant

v.

Thomas R. BREWER; Hon. Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2003–SC–0046–WC.

Supreme Court of Kentucky.

Feb. 19, 2004.

Mary E. Schaffner, Laurie Goetz Kemp, Woodward Hobson & Fulton, LLP, Louisville, for Appellant.

Scott F. Scheynost, Scheynost Law Offices, P.S.C., Louisville, for Appellee.

## OPINION OF THE COURT

Affirming a decision by the Workers' Compensation Board (Board), the Court of Appeals has determined that the Administrative Law Judge (ALJ) erred by limiting the duration of the claimant's award under KRS 342.730(4). The employer maintains that the decision is erroneous because although the claimant did not work in the private sector for enough quarters to qualify for normal old-age Social Security benefits, he is a retired federal employee and receives a federal pension. We affirm.

The claimant was born on February 20, 1937. He had worked for the federal government for 32 years when he retired in 1994 and began to work for the defendant-employer on a part-time basis. He became a full-time employee in 1998. His subsequent workers' compensation claim alleged injuries to his feet, shoulders, and hands as a result of two work-related incidents.

On June 24, 1999, the claimant felt a sudden pain in his feet while pushing a pallet of auto parts onto a truck. He reported the incident, filed an accident report, and sought medical treatment. The second incident occurred on June 4, 2000, when the claimant experienced pain in his arms while lifting a trash can into a dumpster. An ALJ later determined that all of the alleged injuries were work-related, that the claimant gave due and timely notice, and that the claimant's AMA impairment was 18%. The claimant was awarded income benefits for permanent partial disability. Due to his age and receipt of federal pension benefits, the ALJ limited the duration of the award to the date that the claimant reached age 65 or to two years after June 4, 2000, whichever last occurred. KRS 342.730(4).

The Board and the Court of Appeals later determined that because the claimant did not qualify for normal old-age Social Security retirement benefits, the decision to "tier down" the award was erroneous. Appealing, the employer notes that the purpose of KRS 342.730(4) is to avoid a duplication of income-replacement benefits and that the provision is constitutional. *McDowell v. Jackson Energy RECC*, Ky., 84 S.W.3d 71 (2002); *Wynn v. Ibold, Inc.*, Ky., 969 S.W.2d 695 (1998). Its argument is that the Board and the Court of Appeals failed to consider the purpose of KRS 342.730(4); whereas, the ALJ took the purpose of the provision into account and rendered a decision that effectuated the legislative intent. As further support for its argument, the employer asserts that the legislature has also made it clear that a duplication of income benefits is impermissible by enacting KRS 342.730(5) and (6), which allow an employer to credit any unemployment benefits or employer-funded disability benefits the worker receives against its workers' compensation liability.

As effective December 12, 1996, KRS 342.730(4) provides as follows:

All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits under the United States Social Security Act, 42 U.S.C. secs. 301 to 1397f, or two (2) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to

this chapter to spouses and dependents shall terminate when such spouses and dependents qualify for benefits under the United States Social Security Act by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits.

 The employer is correct in its assertion that the goal when construing a statute is to determine and effectuate the legislature's intent. KRS 446.080(1); *Beckham v. Board of Education of Jefferson County,* Ky., 873 S.W.2d 575 (1994). But generally a statute is open to construction only if the language that is used is ambiguous and requires interpretation. If the language is clear and unambiguous and if applying the plain meaning of the words would not lead to an absurd result, further interpretation is unwarranted. *Layne v. Newberg,* Ky., 841 S.W.2d 181 (1992); *Overnite Transportation v. Gaddis,* Ky.App., 793 S.W.2d 129, 131 (1990).

 Occupational disability does not end when a worker reaches the normal retirement age. *Stovall v. Williams,* Ky. App., 675 S.W.2d 6 (1984). For that reason, income benefits are payable without regard to the recipient's age absent a statutory provision to limit their duration. As enacted in 1994 and amended in 1996, KRS 342.730(4) is such a provision. When upholding the constitutionality of the 1996 version of KRS 342.730(4) in *McDowell v. Jackson Energy RECC, supra* and the 1994 version in *Wynn v. Ibold, Inc., supra,* the Court noted that the apparent purpose of the provision was to avoid a duplication of income-replacement benefits and a duplication of the employer's liability for such benefits. It is apparent that among the premises on which the 1996 statute was based were: 1.) that recipients of workers' compensation benefits would become eligible for old-age Social Security benefits upon reaching the normal retirement age,

and 2.) that employers fund workers' compensation benefits and help to fund old-age Social Security retirement benefits. By terminating income benefits upon a worker's qualification for old-age Social Security retirement benefits, the 1996 version of KRS 342.730(4) served the ultimate goal of reducing the cost of maintaining workers' compensation coverage, thereby improving the economic climate in the Commonwealth. *McDowell v. Jackson Energy RECC, supra.*

 As the employer points out, KRS 342.730(5) and (6) provide an employer with credit against its workers' compensation liability for any unemployment or employer-funded disability benefits that the worker receives. In each instance, the credit against the workers' compensation benefit equals the amount of the offsetting benefit. In contrast, KRS 342.730(4) provides for a complete termination of workers' compensation benefits upon the recipient's qualification for normal old-age Social Security retirement benefits. It does not take into account any disparity in the amount of the two benefits. Instead, the entire worker's compensation benefit terminates upon the recipient's qualification for old-age Social Security retirement, even if the latter benefit is smaller. *See McDowell v. Jackson Energy RECC, supra.*

We find no merit in the employer's argument that the claimant's federal pension and Social Security are both paid by the federal government. As the Board pointed out, the legislature may be presumed to have been aware that federal employees and certain other workers were ineligible for old-age Social Security retirement benefits when it enacted KRS 342.730(4). *See Reynolds Metal Co. v. Glass,* 302 Ky. 622, 195 S.W.2d 280 (1946). Likewise, the legislature may be presumed to have been aware that many workers who were ineligible for Social Security retirement bene-

fits, such as federal employees, were eligible for other types of retirement benefits to which their employers contributed. Furthermore, the legislature may be presumed to have been aware that some workers were eligible to receive Social Security retirement as well as benefits from another retirement plan and that the employer contributed to both. Yet, KRS 342.730(4) specifically refers to old-age Social Security retirement benefits that are awarded under 42 U.S.C. §§ 301–1397f and does not refer to any other type of retirement benefit.

The employer maintains that because the claimant's federal pension benefits are a form of income replacement, the purpose of KRS 342.730(4) would be served by terminating the claimant's award when he reached 65, his normal retirement age. That might well be the case, but the language of KRS 342.730(4) is very specific and refers only to old-age Social Security retirement benefits. Furthermore, that language serves the provision's ultimate goal because terminating the payment of workers' compensation benefits when a worker becomes eligible for old-age Social Security reduces the cost of workers' compensation coverage. *See McDowell v. Jackson Energy RECC, supra.* We are convinced, therefore, that we should not ignore the plain meaning of the words used in KRS 342.730(4) simply because a different interpretation might further or more efficiently accomplish its ultimate purpose. *Board of Education of Nelson County v. Lawrence,* Ky., 375 S.W.2d 830, 831 (1963).

The decision of the Court of Appeals is affirmed.

All concur.