RENDERED: FEBRUARY 21, 2008
TO BE PUBLISHED

# 𝔖upreme 𝔘ourt of 𝔎entucky

2007-SC-000159-WC

MORSEY, INC.             APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.            2006-CA-000895-WC
WORKERS' COMPENSATION NO. 04-84884

CYNTHIA FRAZIER, WIDOW OF
DANIEL FRAZIER, DECEASED;
HON. IRENE STEEN,
ADMINISTRATIVE LAW JUDGE;
KENTUCKY WORKERS' COMPENSATION BOARD

            APPELLEES

**OPINION OF THE COURT**

<u>REVERSING AND REMANDING</u>

KRS 342.730(4) requires all income benefits payable to spouses and dependents of deceased workers to terminate "when such spouses and dependents qualify for Social Security benefits by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits."

An Administrative Law Judge (ALJ) determined that Daniel Frazier's death was work-related and that KRS 342.730(4) requires Cynthia Frazier's income benefits to terminate on the date that Daniel would have turned age 66. The Workers' Compensation Board reversed, holding that the statute terminates her benefits when

Cynthia's benefits on the date that she would have qualified for Social Security benefits under 42 U.S.C. § 402(b) as Daniel's wife. KRS 342.730(4) terminates benefits when spouses and dependents "qualify" for Social Security benefits; therefore, we reverse.

Daniel was born on January 15, 1943. He worked for the defendant-employer as a pipe fitter and injured his foot on June 7, 2004, in the course of his work. Daniel died on June 17, 2004, as a consequence of the injury. The parties did not dispute that he would have qualified for normal old-age Social Security benefits on January 15, 2009, at age 66, had he lived that long.

At the death of a worker who is or would have been entitled to income benefits, KRS 342.730(3) and KRS 342.750(1) permit benefits to be paid to certain other individuals. Brusman v. Newport Steel Corp., 17 S.W.3d 514 (Ky. 2000), indicates that benefits under either statute are awarded to a widow, widower, or child under the age of 18 without regard to dependency. Whether payable under either statute, income benefits are subject to KRS 342.730(4).[1]

KRS 342.730(3) applies when a worker who receives permanent income benefits dies before the award expires. It entitles the worker's widow or widower and children under the age of 18 or incapable of self-support to receive portions of the worker's income benefit. If none survive, then actually dependent parents or certain other relatives become entitled. Upon remarriage, the widow or widower may receive up to two years of unpaid benefits in a lump sum.

KRS 342.750(1) applies when a worker's injury results in death. It entitles the surviving widow or widower, children under the age of 18 or older children who are

---

1 KRS 342.750(7) provides that all death benefits, except the lump sum payable under KRS 342.750(6), are subject to the limitations found in KRS 342.730(4).

2

incapable of self-support or actually dependent, and certain other actually dependent relatives to receive percentages of the worker's average weekly wage. Benefits to a widow or widower terminate upon death or with a lump sum upon remarriage. Benefits to children or other relatives terminate with death, marriage, reaching the age of 18 (except in the case of a parent or grandparent), becoming capable of self-support, or no longer being actually dependent.

Cynthia was born on February 15, 1950, and had been married to Daniel for many years when he was injured. As Daniel's widow, Cynthia received an agreed award of death benefits under KRS 342.750(1) that was subject to termination under KRS 342.730(4) or under KRS 342.750(1)(c) if she remarried. The couple's child, Brooke Frazier, was under the age of 18 on the date of the accident but married on February 12, 2005. She received an agreed award under KRS 342.750(1) that terminated under KRS 342.750(1)(e) at her marriage. The only contested issue concerned the date when KRS 342.730(4) required Cynthia's benefits to be terminated.

KRS 342.730(4) states as follows:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee qualifies for normal old-age Social Security retirement benefits under the United States Social Security Act, 42 U.S.C. secs. 301 to 1397f, or two (2) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate when such spouses and dependents qualify for benefits under the United States Social Security Act by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits. (emphasis added).

In McDowell v. Jackson Energy RECC, 84 S.W.3d 71 (Ky. 2002), the court

3

determined that the first sentence of KRS 342.730(4) terminates workers' compensation income benefits when the recipient qualifies for normal old-age Social Security retirement benefits and that the provision is constitutional. This appeal concerns the second sentence. The Court of Appeals determined that it terminates benefits when Cynthia would have qualified as Daniel's wife.

The employer relies on McDowell v. Jackson Energy RECC, supra, and Autozone, Inc. v. Brewer, 127 S.W.3d 653 (Ky. 2004), which concerned the present version of KRS 342.730(4). It also relies on Leeco, Inc. v. Crabtree, 966 S.W.2d 951 (Ky. 1998), and Wynn v. Ibold, Inc., 969 S.W.2d 695 (Ky. 1998), which concerned a 1994 version of KRS 342.730(4) known as the "tier down." The employer argues that the plain language of KRS 342.730(4) and the principle of avoiding a duplication of income-replacement benefits require Cynthia's benefits to terminate at age 60, when she qualifies for Social Security benefits as Daniel's widow.

Cynthia argues that the employer attempts to rewrite the statute to terminate all workers' compensation income benefits when spouses and dependents qualify for Social Security benefits by reason of the fact that the worker upon whose earnings their entitlement is based has died. She asserts that this interpretation "would effectively eliminate all benefits for the surviving children of any [worker] killed on the job," nullifying KRS 342.750(1)(b), (d), and (e). She also asserts that she would experience a gap in benefits because her workers' compensation benefits would terminate on January 15, 2009, when Daniel would have reached age 66, but that she would not begin to receive Social Security benefits as his widow until February 25, 2010, the month after she reaches age 60. We disagree on all counts.

4

In Wynn v. Ibold, supra, and in McDowell v. Jackson Energy RECC, supra, the court noted that KRS 342.730(4) reduces the cost of maintaining workers' compensation coverage and improves the Commonwealth's economic climate by avoiding a duplication of income replacement benefits. The McDowell court acknowledged, however, that the statute operates imperfectly, particularly in instances where the workers' compensation benefit that is terminated exceeds the Social Security benefit. Subsequently in Autozone, Inc. v. Brewer, supra, the court determined that the first sentence of KRS 342.730(4) applies only to the awards of workers who qualify for normal old-age Social Security benefits.

In Autozone, supra, the court noted that the goal of statutory construction is to effectuate the legislature's intent and that a clear and unambiguous statute requires no interpretation unless the plain meaning of the words would lead to an absurd result. It determined that KRS 342.730(4)'s first sentence refers only to the awards of workers who qualify for normal old-age Social Security benefits. Thus, it rejected an argument that KRS 342.730(4) applies to federal pension benefits or other types of pension benefits to which employers contribute. Noting that the provision furthers the legislative goal, the court relied on Board of Education of Nelson County v. Lawrence, Ky. 375 S.W.2d 830, 831 (Ky. 1963), and refused to ignore the statute's plain meaning simply because a different meaning might further or more efficiently accomplish the legislative purpose. Also relevant presently are the principles found in Ross v. Board of Education of Jefferson County, 196 Ky. 366, 244 S.W. 793, 796 (1922) and in Commonwealth v. Reynolds, 136 S.W.3d 442, 445 (Ky. 2004), that the court must seek to harmonize all provisions of a statute and neither add to nor subtract from its language.

Finding the second sentence of KRS 342.730(4) to be unambiguous, the ALJ determined that the termination date for a surviving spouse is the same as what the worker's termination date would have been had he lived to that point. By focusing on the phrase "the worker upon whose earnings entitlement is based," the ALJ erred by failing to consider the effect of the words that precede and follow the phrase. The second sentence of KRS 342.730(4) terminates benefits "when such spouses and dependents qualify for benefits under the United States Social Security Act by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits." (emphasis added). In other words, it terminates workers' compensation benefits to a surviving spouse or dependent when the recipient qualifies for benefits under the Social Security Act because the worker would have qualified for normal old-age retirement benefits under the Act.

Like the ALJ, the Court of Appeals found KRS 342.730(4) to be unambiguous. It construed the statute as follows:

> Cynthia is correct that the Legislature triggered the benefits termination date to the date the spouse or dependent would have qualified for Social Security benefits based upon the earnings entitlement of the worker who would have qualified for normal old-age Social Security retirement benefits, if not for the worker's death. By selecting this date, the Legislature recognized the contingency of the worker having died as a result of a work-related injury and the fact that he would not qualify for normal old-age Social Security retirement benefits because of his death. Any other interpretation of KRS 342.730(4) results in the language "would have qualified" being meaningless. (emphasis added).

Having found KRS 342.730(4) to be unambiguous, the court erred by substituting the phrase "would have qualified" for the word "qualify" when referring to the date for

terminating benefits to spouses and dependents. Although Daniel would have qualified for normal old-age Social Security retirement benefits, had he lived, Cynthia will never qualify for benefits as his wife under 42 U.S.C. 402(b).

Implicit in the General Assembly's reliance on the United States Social Security Act when enacting KRS 342.730(4) is a presumption that it knew what the Act provides. 42 U.S.C. § 402(a) entitles a worker who has contributed earnings to the Social Security insurance program for the number of quarters requisite to be "fully insured" to receive old-age benefits. The worker qualifies for a reduced monthly benefit at age 62 but qualifies for a normal benefit by waiting until "retirement age," which in Daniel's case was age 66. Although the first sentence of KRS 342.730(4) terminates a fully insured worker's income benefits at retirement age, a worker who dies before reaching that age will never qualify for normal old-age Social Security retirement benefits. The second sentence of KRS 342.730(4) presumes that such a worker would have qualified but died before doing so. Although it controls the duration of continuation benefits awarded under KRS 342.730(3) and of death benefits awarded under KRS 342.750(1), it does not base their duration on the date that the worker would have qualified for normal old-age Social Security retirement benefits. Thus, Cynthia's income benefits do not terminate on the date that Daniel would have reached age 66.

42 U.S.C. §§ 402(b) – (h) entitle certain individuals other than the worker to receive Social Security benefits in their own right but based on the worker's earnings. Seven classes of recipients qualify for Social Security benefits based on contributions from another individual's earnings. Five of the seven qualify because the worker who contributed has died. Two of them qualify at the worker's death. Three of them qualify

at other points in time and are the only classes that qualify "by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits." The remaining two classes qualify because the worker is alive and entitled to old-age or disability benefits.

42 U.S.C. § 402(d) entitles a dependent child of a fully or currently insured worker to receive benefits when the worker dies. Likewise, 42 U.S.C. § 402(g) entitles the surviving spouse who cares for a dependent child and is not entitled to benefits as a widow or widower to receive Social Security benefits when the fully or currently insured worker dies. Social Security benefits to both classes cease when the child dies, marries, reaches the age of 18 (or 19 if a full-time elementary or secondary school student), or is no longer disabled. Under the definitions found in 42 U.S.C. § 414(a) and (b), a "currently insured" worker is not necessarily "fully insured" and entitled to benefits under 42 U.S.C. § 402(1). Thus, a dependent child and a surviving spouse who cares for such a child both qualify for Social Security benefits, but they do so under a standard less than "by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits." Therefore, KRS 342.730(4) does not terminate worker's compensation benefits when such individuals qualify for Social Security benefits. Nor does it nullify KRS 342.750(1)(b), (d), and (e).

42 U.S.C. § 402(e) entitles a widow of a fully insured worker and 42 U.S.C. § 402 (f) entitles a widower of a fully insured worker to receive benefits at age 60. Likewise, 42 U.S.C. § 402(h) entitles certain dependent parents of a fully insured worker who dies to receive benefits at age 62. Because 42 U.S.C. § 402(e), (f), and (h) require the

8

worker to be fully insured, widows, widowers, and certain dependent parents qualify for Social Security benefits "by reason of the fact that the worker upon whose earnings entitlement is based would have qualified for normal old-age Social Security retirement benefits." KRS 342.730(4) limits the duration of awards made to members of these three classes.

The final two classes of recipients qualify for Social Security benefits if the worker is entitled to old-age or disability insurance benefits. 42 U.S.C. § 402(b) entitles the worker's wife to receive Social Security benefits at age 62 and 42 U.S.C. § 402(c) entitles the worker's husband to receive Social Security benefits at age 62. Qualification for benefits under 42 U.S.C. § 402(b) or (c) cannot affect the duration of awards made under KRS 342.730(3) or KRS 342.750(1) because such awards are premised on the worker's death and because qualification for Social Security benefits as a wife or husband terminates under 42 U.S.C. §§ 402(b)(1)(F) and (c)(1)(F) upon the worker's death. Cynthia will never qualify for Social Security benefits as Daniel's wife.

As noted in Layne v. Newberg, 841 S.W.2d 181 (Ky. 1992) and Plummer v. Sharondale Coal Corp., 834 S.W.2d 708 (Ky. App. 1992), Chapter 342 does not define the term "widow," but the term refers to a woman whose husband is dead and who has not remarried. For our present purposes, this definition is consistent with the definition of widow found in 42 U.S.C. § 416(c). Daniel died as a consequence of his injury; therefore, Cynthia is entitled to income benefits under KRS 342.750(1), as his widow, but subject to KRS 342.750(1)(c), if she remarries. The award will terminate under KRS 342.730(4) when she qualifies under 42 U.S.C. § 402(e) at age 60 for Social Security benefits as Daniel's widow.

9

The decision of the Court of Appeals is reversed, and the claim is remanded to the ALJ for the entry of an award that is consistent with KRS 342.730(4).

All sitting. All concur.

COUNSEL FOR APPELLANT,
MORSEY, INC.:

RICHARD CHRISTION HUTSON
WHITLOW, ROBERTS, HOUSTON & STAUB, PLLC
300 BROADWAY STREET
P.O. BOX 995
PADUCAH, KY 42002-0995

COUNSEL FOR APPELLEE,
CYNTHIA FRAZIER, WIDOW OF DANIEL FRAZIER, DECEASED:

CRAIG HOUSMAN
109 SOUTH FOURTH STREET
P.O. BOX 1196
PADUCAH, KY 42002-1196