RENDERED: APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1452-WC

LONE MOUNTAIN PROCESSING, INC.                                         APPELLANT

v.                  PETITION FOR REVIEW OF A DECISION
                    OF THE WORKERS' COMPENSATION BOARD
                    ACTION NO. WC-03-68141

HAROLD BREWER, DECEASED;
HON. DOUGLAS W. GOTT, CHIEF
ADMINISTRATIVE LAW JUDGE;
KENTUCKY COAL WORKERS'
PNEUMOCONIOSIS FUND; PAULA
BREWER, WIDOW; AND WORKERS'
COMPENSATION BOARD                                                     APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Lone Mountain Processing, Inc. ("Lone Mountain") appeals the

Workers' Compensation Board's ("Board") Opinion affirming the chief

administrative law judge's ("CALJ") order pursuant to KRS[1] 342.730(3)(a) awarding Paula Brewer a continuation of benefits previously awarded to her deceased husband, Harold Brewer, for injuries sustained while working for Lone Mountain. For the reasons stated herein, we vacate and remand.

## BACKGROUND AND PROCEDURE

The facts of this case are undisputed. Harold was born on November 24, 1956. He filed for workers' compensation benefits in March 2004, after injuring his lower back while employed by Lone Mountain. His claim was litigated, and in October 2005, Administrative Law Judge ("ALJ") Marcel Smith found that Harold sustained compensable work-related injuries. He was awarded permanent total disability benefits in the amount of $571.42,[2] subject to the termination provisions of KRS 342.730(4). (Trial Record "T.R." at 833.) The version of KRS 342.730(4) then in effect terminated workers' compensation benefits on the date the employee qualified for old-age Social Security retirement benefits. The Board affirmed the award of benefits on March 31, 2006. There was no appeal from that decision.[3]

---

[1] Kentucky Revised Statutes.

[2] Harold contemporaneously settled an additional claim for coal workers' pneumoconiosis benefits. The settlement was not consolidated with his injury claim.

[3] On December 27, 2011, Lone Mountain moved to reopen to assert a medical dispute. The dispute was subsequently withdrawn, and the motion to reopen was dismissed on April 13, 2012.

Harold died approximately fourteen years after his award became final, on April 16, 2020, due to unrelated cancer. He was sixty-three years old. Subsequently, on May 1, 2020, Paula filed a Form 11 Request to Substitute Party and Continue Benefits, pursuant to KRS 342.730(3)(a). Attached to her motion was a marriage certificate indicating the parties married on December 10, 1977. Paula was sixty-three years old when she filed the Form 11.

Lone Mountain did not respond. The CALJ granted Lone Mountain fifteen days to show cause why Paula should not be substituted as a party. Again, Lone Mountain failed to respond. On June 17, 2020, the CALJ granted Paula's request. The CALJ noted:

> Previously, Paula's request would have been denied because, according to her Form 11, she is 63 years old. *Morsey v. Frasier*, 245 S.W. 3d 757 (Ky. 2008), held that widow's benefits are limited to the age at which the widow qualified for social security benefits by virtue of being a widow, which is age 60. 42 U.S.C. §402(3).
>
> But, in 2017, the Supreme Court of Kentucky issued *Parker v. Webster County Coal, LLC* [*(Dotiki Mine)*], 529 S.W.3d 759 (Ky. 2017), which held that termination of benefits based on based on [sic] social security age under KRS 342.730(4) was unconstitutional. . . .
>
> . . . .
>
> The Workers' Compensation Board and the Court of Appeals have affirmed a continuation of benefits to a widow who was already 60 years of age by applying

-3-

*Parker* and a retroactive KRS 342.730(4).[4] Those decisions are not binding authority, but persuasive authority to the CALJ since rejecting them would be setting aside appellate guidance issued to him in a prior, similar case.

As directed by the Court of Appeals in [*Woodford Cty. Bd. of Educ. v. Coffey*, No. 2018-CA-001120-WC, 2019 WL 6248322, at \*1 (Ky. App. Nov. 22, 2019)], Paula's benefits shall terminate as of the date upon which Harold would have reached age 70.

(T.R. at 1056-59.)

Lone Mountain petitioned for reconsideration, but it was denied. The Board affirmed, and this appeal followed.

## STANDARD OF REVIEW

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

---

[4] On July 14, 2018, KRS 342.730(4) was amended as follows:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

## ANALYSIS

Lone Mountain contends the CALJ and the Board erred by applying the current version of KRS 342.730(4) retroactively. It argues the law in effect at the time Harold's award became final governs – the version ruled unconstitutional by *Parker*, 529 S.W.3d 759. We agree it was error to apply the current version of KRS 342.730(4) retroactively. However, we disagree with Lone Mountain's position that the unconstitutional version governs. We first address the retroactivity of the current version of KRS 342.730(4).

It is well-settled that "[n]o statute shall be construed to be retroactive, unless expressly so declared." KRS 446.080(3). Our Supreme Court in *Holcim* v. *Swinford* held that the current version of KRS 342.730(4) applies retroactively only in certain circumstances. 581 S.W.3d 37, 44 (Ky. 2019). That Court reached its conclusion based on Legislative Research Commission commentary appended to the newly enacted statute. The commentary stated:

> This statute was amended in Section 13 of 2018 Ky. Acts ch. 40..... Subsection (3) of Section 20 of that Act reads, "Subsection (4) of Section 13 of this Act shall apply prospectively and retroactively to all claims: (a) For which the date of injury or date of last exposure occurred on or after December 12, 1996; ***and (b) That have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act***."

*Holcim*, 581 S.W.3d at 43 (emphasis added); *see Lone Mountain Processing v. Turner*, 593 S.W.3d 72, 74 (Ky. App. 2020); *Crittenden Cty. Fiscal Court v. Hodge*, 591 S.W.3d 424, 425 (Ky. App. 2019). Because Harold's award became final over twelve years before the effective date of the current version of KRS 342.730(4), it does not apply retroactively in this instance.

The Board noted that "Paula's rights did not vest until Harold's death in April 2020, at which time her entitlement to a continuation of income benefits accrued." To the extent the Board relied upon this to circumvent the Legislation's finality limitation, this was error. Paula's entitlement to benefits is simply derivative of Harold's award and does not have any effect on its finality.

Likewise, both the CALJ's and the Board's reliance on *Woodford County Board of Education v. Coffey*, No. 2018-CA-001120-WC, 2019 WL 6248322 (Ky. App. Nov. 22, 2019), to conclude the current version applies retroactively is inapposite. In *Coffey*, the award of benefits to the claimant (Gary) was not final when his widow (Dena) filed a Request to Substitute Party and Continue Benefits. *Id.* The current version of KRS 342.730(4) was enacted while his case was in the appellate process. This Court held:

> Gary's claim, pursued by Dena, falls within the period of retroactivity expressly designated by the General Assembly. As such, the amended version of KRS 342.730(4) applies to this claim. The award in this case should order Dena's benefits to "terminate as of the date upon which [Gary] would have reached age seventy (70)

or four (4) years after [Gary's] date of injury or date of last exposure, whichever last occurs." KRS 342.730(4).

*Coffey*, 2019 WL 6248322, at \*2. Unlike the claim in *Coffey*, this claim does not fall within the period of retroactivity.

Because the current version of KRS 342.730(4) does not apply retroactively in this instance, we necessarily must determine which version of the statute is to be applied. In this instance we are left with two options: (1) applying the unconstitutional version in effect at the time of Harold's award; or (2) applying the most recent, prior, constitutional version – the 1994 version of the statute.

Lone Mountain contends the version in effect at the time of Harold's award should apply. *See Morsey v. Frasier*, 245 S.W. 3d 757 (Ky. 2008). It argues the Supreme Court's decision in *Parker* only found unconstitutional the first sentence of the then-current version of KRS 342.730(4) – the sentence terminating **employee** benefits once he or she qualified for old-age Social Security retirement benefits. But the Court did not find unconstitutional the second sentence of that provision – the sentence relating to the termination of **spouse and/or dependent** benefits. We disagree.

Termination of spousal and dependent benefits in that version of the statute was premised on the same criteria as the termination of the employee's benefits – qualification for old-age Social Security retirement benefits. The Supreme Court held that terminating employee benefits based on this criterion was

-7-

a violation of the Equal Protection Clause of the United States and Kentucky Constitutions. *Parker*, 529 S.W.3d at 770 ("KRS 342.730(4) violates the right to equal protection and is constitutionally infirm."). That Court made no distinction between the first and second sentences of that provision; instead it deemed KRS 342.730(4), in total, unconstitutional. We decline to draw the distinction Lone Mountain urges.[5]

In effect, Lone Mountain urges us to mandate the application of an unconstitutional statute. This we cannot do. On remand, the ALJ shall apply the "tier-down" provision of the 1994 version of KRS 342.730(4), which states:

> If the injury or last exposure occurs prior to the employee's sixty-fifth birthday, any income benefits awarded under KRS 342.750, 342.316, 342.730, or 342.732 shall be reduced by ten percent (10%) beginning at age sixty-five (65) and, by ten percent (10%) each year thereafter until and including age seventy (70). Income benefits shall not be reduced beyond the employee's seventieth birthday[.]

It is this provision that applies.

---

[5] Lone Mountain further argues by failing to apply the then-current version of the statute, this Court would be retroactively applying the holding in *Parker*, which is inappropriate. *Burns v. Level*, 957 S.W.2d 218, 222 (Ky. 1997) (citation omitted) ("[The Supreme court] has held that there should be no retroactive application of a new decision . . . unless the issue was preserved and, if necessary, constitutional issues properly raised during the pendency of the case."), *abrogated by Nami Res. Co., L.L.C. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018). To the extent this Opinion is irreconcilable with *Burns*, the parties have a remedy by means of an appeal to the Kentucky Supreme Court.

## CONCLUSION

Based on the foregoing, we vacate the opinion of the Workers'
Compensation Board and remand for entry of an order consistent with this
Opinion.

TAYLOR, JUDGE, CONCURS.

CLAYTON, CHIEF JUDGE, CONCURS IN RESULT ONLY.


BRIEF FOR APPELLANT:

Denise M. Davidson
Hazard, Kentucky

BRIEF FOR APPELLEES HAROLD
BREWER, DECEASED, AND
PAULA BREWER, WIDOW:

Ronald C. Cox
Harlan, Kentucky