RENDERED:  AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1202-WC

YAMAMOTO FB ENGINEERING,
INC. AS AN INSURED OF
KENTUCKY EMPLOYERS MUTUAL
INSURANCE                                                            APPELLANT


                         PETITION FOR REVIEW OF A DECISION
v.                       OF THE WORKERS' COMPENSATION BOARD
                              ACTION NO. WC-12-96799


KACIE ELROD, AS THE PERSONAL
REPRESENTATIVE OF THE ESTATE
OF KIMBERLY ALLEN;
HONORABLE DOUGLAS W. GOTT;
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                APPELLEES


                                   OPINION
          AFFIRMING IN PART, VACATING IN PART, AND REMANDING

                              ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON,
JUDGES.

THOMPSON, K., JUDGE: Yamamoto FB Engineering, Inc., (Yamamoto) appeals from the decision of the Workers' Compensation Board which ruled that Kimberly Allen, widow of worker Anthony Allen, was entitled to receive derivative benefits from Anthony's workers' compensation settlement for the extended length of time specified by the retroactive application of Kentucky Revised Statutes (KRS) 342.730(4). In the interim, sometime around March 2021, Kimberly passed away and Kacie Elrod, daughter and personal representative of the Estate of Kimberly Allen, was substituted as a party. We vacate the portion of the Board's opinion affirming the opinion of the chief administrative law judge (CALJ) to the extent that the Board agreed that the amended 2018 version of KRS 342.730(4) retroactively applied, and for the reasons provided below, require that instead the 1994 version of KRS 342.730(4) be applied. We agree it was appropriate for the Board to vacate the CALJ's award for a new calculation of benefits and affirm that portion of its opinion.

In 1988, Anthony, who was born in February 1964, married Kimberly, who was born in June 1961; they remained married until his death. On January 25, 2012, Anthony was working for Yamamoto when he was injured in a horrific work accident, which resulted in the loss of use of his legs. In the accident, approximately 20,000 pounds of coiled steel fell on him, amputating one leg and crushing the other. Anthony received total temporary total disability benefits,

-2-

applied for permanent total disability benefits, and on December 16, 2013, the Administrative Law Judge (ALJ) approved a settlement.

The disability settlement provided for periodic benefits at the rate of $475 per week until Allen became sixty-seven years old, the date upon which he would qualify for social security benefits. The settlement agreement provided that his benefits were "subject to K.R.S. 342.730(3) or K.R.S. 342.750 as appropriate should Plaintiff not live to age 67[.]"

On March 9, 2020, Anthony died at the age of fifty-six years old of causes unrelated to his injury, and on March 26, 2020, his widow Kimberly filed Form 11, requesting that she be substituted as a party and receive a continuation of Anthony's benefits by virtue of being his wife. After Yamamoto and its insurer, Kentucky Employers' Mutual Insurance (KEMI), failed to respond to two show cause orders, on May 22, 2020, the CALJ issued an order directing that Yamamoto pay Kimberly 100% of the benefits due, "at the rate of $475.00 per week, from and after March 9, 2020, during widowhood or for the remainder of the original 937 weeks awarded December 16, 2013."

Yamamoto did not file a petition for reconsideration by the CALJ. Instead, Yamamoto filed a direct appeal with the Board and simultaneously submitted a motion to file a petition for reconsideration *nunc pro tunc* and a

-3-

motion to hold the appeal in abeyance and to remand to the CALJ for a ruling on the petition for reconsideration. The Board denied these motions.

On September 4, 2020, the Board issued an opinion vacating in part, affirming in part, and remanding. The Board declined to rule, as Kimberly requested, that Yamamoto had waived its right to challenge the CALJ's determination because it did not timely submit a petition for reconsideration, explaining that "[w]hile the CALJ's opinion regarding findings of fact may not be disturbed on appeal, this Board is still charged with the duty of assuring the CALJ's opinion contains no errors of law for which the Board retains the right to *de novo* review." The Board vacated the portion of the CALJ's award ordering the full rate due Anthony be paid to Kimberly, explaining that KRS 342.730(3) mandated that survivors' benefits be paid at 50% but affirmed the award of benefits as to the compensable period. The Board rejected Yamamoto's argument that Kimberly's benefits terminate when she reaches the age of sixty[1] and becomes eligible for Social Security benefits, explaining that pursuant to *Parker v. Webster*, 529 S.W.3d 759 (Ky. 2017), the version of KRS 342.730(4) in effect at the time of Anthony's injury terminating his benefits at the time he would qualify for Social Security benefits was declared unconstitutional; the General Assembly then passed

---

[1] At the time Kimberly filed for Anthony's benefits, she was under age sixty. She died a few months after she reached the age of sixty. Therefore, at this point the parties are arguing over the payment of a few thousand dollars.

-4-

House Bill 2 which terminated workers' benefits when the worker reached age 70 or four years after the date of injury or last exposure, whichever last occurs; and in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), the Kentucky Supreme Court determined the amendments to KRS 342.730(4) were retroactive to all claims still pending on the effective date of the statutory changes.

Yamamoto argues that the Board erred by: (1) applying *Parker* because that decision could not be retroactively applicable, arguing "[t]he issue presented is whether a judicial decision like *Parker*, decided after the final settlement was approved on December 13, 2013 in [Anthony's] case, can be applied retroactively to disturb that final settlement[;]" and (2) since *Parker* does not apply, the law in effect on the date of the January 25, 2012 injury is controlling, meaning that Kimberly's right to benefits terminated when she turned sixty years old. Elrod argues that *Woodford County Board of Education v. Coffey*, No. 2018-CA-001120-WC, 2019 WL 6248322 (Ky.App. Nov. 22, 2019) (unpublished), allows the retroactive application of the amended version of KRS 342.730(4), allowing Kimberly to receive benefits through age seventy.

"[R]egarding questions of law, this Court is bound neither by the decisions of an ALJ or the Board regarding proper interpretation of the law or its application to the facts. In either case, the standard of review is *de novo*." *Miller v. Go Hire Employment Development, Inc.*, 473 S.W.3d 621, 629 (Ky.App. 2015).

-5-

While this matter was pending on appeal, a workers' compensation decision with this identical issue and arguments was resolved by another panel of our Court in *Lone Mountain Processing, Inc. v. Brewer*, No. 2020-CA-1452-WC, 2021 WL 1432091 (Ky.App. Apr. 16, 2021) (unpublished). In the absence of any other precedent, our decision is controlled by this unpublished decision, which we are entitled to rely on pursuant to Kentucky Rules of Civil Procedure (CR) 76.28(4)(c), which states in relevant part:

> Opinions that are not to be published shall not be cited or used as binding precedent in any other case in any court of this state; however, unpublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court.

*See Brannock v. Brannock*, 598 S.W.3d 91, 97 (Ky.App. 2019) (explaining it is proper to rely on an unpublished decision where the published decisions are distinguishable).

In *Brewer*, 2021 WL 1432091, at *1, worker Harold was injured and applied for workers' compensation benefits in 2004, and was awarded permanent total disability benefits in 2005, with his award thereafter becoming final as he did not appeal. After he died at age sixty-four of unrelated causes, his widow Paula filed a Form 11 to receive derivative benefits pursuant to KRS 342.730(3)(a). Of note Paula was sixty-three years old when she filed the Form 11, and thus, if the

-6-

version of KRS 342.730(4) applicable at the time his award became final was applicable, Paula had no right to benefits.

The *Brewer* Court analyzed the issue as follows:

> Lone Mountain contends the CALJ and the Board erred by applying the current version of KRS 342.730(4) retroactively.  It argues the law in effect at the time Harold's award became final governs – the version ruled unconstitutional by *Parker*, 529 S.W.3d 759.  We agree it was error to apply the current version of KRS 342.730(4) retroactively.  However, we disagree with Lone Mountain's position that the unconstitutional version governs.  We first address the retroactivity of the current version of KRS 342.730(4).
>
> It is well-settled that "[n]o statute shall be construed to be retroactive, unless expressly so declared." KRS 446.080(3).  Our Supreme Court in *Holcim v. Swinford* held that the current version of KRS 342.730(4) applies retroactively only in certain circumstances.  581 S.W.3d 37, 44 (Ky. 2019).  That Court reached its conclusion based on Legislative Research Commission commentary appended to the newly enacted statute.  The commentary stated:
>
>> This statute was amended in Section 13 of 2018 Ky. Acts ch. 40. . . .  Subsection (3) of Section 20 of that Act reads, "Subsection (4) of Section 13 of this Act shall apply prospectively and retroactively to all claims:  (a) For which the date of injury or date of last exposure occurred on or after December 12, 1996; ***and (b) That have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act***."

*Holcim*, 581 S.W.3d at 43 (emphasis added); *see Lone Mountain Processing v. Turner*, 593 S.W.3d 72, 74 (Ky.App. 2020); *Crittenden Cty. Fiscal Court v. Hodge*, 591 S.W.3d 424, 425 (Ky.App. 2019). Because Harold's award became final over twelve years before the effective date of the current version of KRS 342.730(4), it does not apply retroactively in this instance.

The Board noted that "Paula's rights did not vest until Harold's death in April 2020, at which time her entitlement to a continuation of income benefits accrued." To the extent the Board relied upon this to circumvent the Legislation's finality limitation, this was error. Paula's entitlement to benefits is simply derivative of Harold's award and does not have any effect on its finality.

Likewise, both the CALJ's and the Board's reliance on *Woodford County Board of Education v. Coffey*, No. 2018-CA-001120-WC, 2019 WL 6248322 (Ky.App. Nov. 22, 2019), to conclude the current version applies retroactively is inapposite. In *Coffey*, the award of benefits to the claimant (Gary) was not final when his widow (Dena) filed a Request to Substitute Party and Continue Benefits. *Id.* The current version of KRS 342.730(4) was enacted while his case was in the appellate process. This Court held:

> Gary's claim, pursued by Dena, falls within the period of retroactivity expressly designated by the General Assembly. As such, the amended version of KRS 342.730(4) applies to this claim. The award in this case should order Dena's benefits to "terminate as of the date upon which [Gary] would have reached age seventy (70) or four (4) years after [Gary's] date of injury or date of last exposure, whichever last occurs." KRS 342.730(4).

-8-

*Coffey*, 2019 WL 6248322, at \*2.  Unlike the claim in *Coffey*, this claim does not fall within the period of retroactivity.

Because the current version of KRS 342.730(4) does not apply retroactively in this instance, we necessarily must determine which version of the statute is to be applied.  In this instance we are left with two options:  (1) applying the unconstitutional version in effect at the time of Harold's award; or (2) applying the most recent, prior, constitutional version – the 1994 version of the statute.

Lone Mountain contends the version in effect at the time of Harold's award should apply.  *See Morsey v. Frasier*, 245 S.W. 3d 757 (Ky. 2008).  It argues the Supreme Court's decision in *Parker* only found unconstitutional the first sentence of the then-current version of KRS 342.730(4) – the sentence terminating **employee** benefits once he or she qualified for old-age Social Security retirement benefits.  But the Court did not find unconstitutional the second sentence of that provision – the sentence relating to the termination of **spouse and/or dependent** benefits.  We disagree.

Termination of spousal and dependent benefits in that version of the statute was premised on the same criteria as the termination of the employee's benefits – qualification for old-age Social Security retirement benefits.  The Supreme Court held that terminating employee benefits based on this criterion was a violation of the Equal Protection Clause of the United States and Kentucky Constitutions.  *Parker*, 529 S.W.3d at 770 ("KRS 342.730(4) violates the right to equal protection and is constitutionally infirm.").  That Court made no distinction between the first and second sentences of that provision; instead it deemed KRS 342.730(4), in total, unconstitutional.  We decline to draw the distinction Lone Mountain urges.

-9-

In effect, Lone Mountain urges us to mandate the application of an unconstitutional statute. This we cannot do. On remand, the ALJ shall apply the "tier-down" provision of the 1994 version of KRS 342.730(4), which states:

> If the injury or last exposure occurs prior to the employee's sixty-fifth birthday, any income benefits awarded under KRS 342.750, 342.316, 342.730, or 342.732 shall be reduced by ten percent (10%) beginning at age sixty-five (65) and, by ten percent (10%) each year thereafter until and including age seventy (70). Income benefits shall not be reduced beyond the employee's seventieth birthday[.]

It is this provision that applies.

*Brewer*, 2021 WL 1432091, at *2-4 (footnote omitted).

As noted in *Parker*, 529 S.W.3d at 766 n.3, the 1994 version of KRS 342.730(4) is constitutional, with the Court explaining that the unconstitutional version of KRS 342.730(4) was adopted in 1996. The 1994 version is memorialized in 1994 Kentucky Acts ch. 181, § 25, H.B. 928.

We agree with the reasoning in *Brewer* and in the absence of any other precedent, follow it. Accordingly, we affirm the portion of the Board's opinion vacating the CALJ's award to reduce Kimberly's benefits to 50% of Anthony's pursuant to KRS 342.730(3)(a) but vacate the portion of the Board's opinion affirming the CALJ's application of the 2018 amended version of KRS 342.730(4) in deciding what those benefits were. We direct the Board to vacate

-10-

the CALJ's opinion in toto and remand to the CALJ with directions consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

W. Barry Lewis
Hazard, Kentucky

BRIEF FOR APPELLEE:

Hal Daniel Friedman
Louisville, Kentucky